**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ANTHONY M. RANDOLPH, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | Civil No. 3:24-cv-1645-OAW |
| | : | |
| SUSANNAH TUNG, | : | |
| *Defendant.* | : | |

**INITIAL REVIEW ORDER**

Plaintiff Anthony M. Randolph, proceeding *pro se* and currently imprisoned at Osborn Correctional Institution, claims that Defendant Susannah Tung, a "mental health provider" with the Connecticut Department of Correction (hereinafter, "DOC"), deprived him of his rights under the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983 (hereinafter, "Section 1983").[1]  ECF No. 19, at 1–4.  He also brings state law claims against her, for "libel" and "emotional distress."  *Id.*

After the court dismissed Plaintiff's Complaint, *see* ECF Nos. 1, 18, Plaintiff filed an Amended Complaint, *see* ECF No. 19, which the court carefully has reviewed and hereby **DISMISSES** under the Prison Litigation Reform Act (hereinafter, "PLRA"), *see* 28 U.S.C. §§ 1915A, 1915(e)(2)(B).

I.    **STANDARD OF REVIEW**

The PLRA requires the court to review complaints brought by prisoners, and dismiss any claim that is **(i)** "frivolous or malicious," **(ii)** "fails to state a claim on which

---

[1] Plaintiff also is proceeding *in forma pauperis*.  *See* ECF No. 17.

relief may be granted," or **(iii)** "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §§ 1915A, 1915(e)(2)(B); *see also Jolley v. Second Jud. Cir. of U.S.*, No. 3:03-cv-1794 (DJS), 2004 WL 1171381, at *1 (D. Conn. May 25, 2004).

A claim is frivolous when it "is based on an indisputably meritless legal theory" or when "it is clear that the defendants are immune from suit."  *Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999) (citing *Neitzke v. Williams*, 490 U.S. 319, 325-327 (1989)).  A complaint fails to state a claim when it lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,  556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)) (internal quotation marks omitted).   Courts "accept as true all of the allegations contained in [a] complaint [except] legal conclusions" when determining whether it is frivolous or fails to state a claim.  *Id*. at 555.  However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth."  *Id*.  Courts "liberally construe pleadings . . . submitted by *pro se* litigants" by "reading [them] to raise the strongest arguments they suggest."  *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (citing *Bertin v. U.S*, 478 F.3d 489, 491 (2d Cir. 2007)).  However, they "may not fill the gaps of a *pro se* plaintiff's complaint by imagining facts that are not alleged."  *Mugabo v. Wagner*, No. 22-CV-930-A, 2024 WL 1621534, at *2 (W.D.N.Y. Apr. 15, 2024) (citing *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

"Courts typically dismiss *pro se* complaints that do not satisfy this standard of review without prejudice," meaning that plaintiffs may amend their complaints to address the court's concerns and meet the PLRA's requirements.  *Cornish v. Tripp*, No. 3:24-CV-

02019-SVN, 2025 WL 2108258, at *2 (D. Conn. Mar. 31, 2025) (citing *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)).  However, the United States Court of Appeals for the Second Circuit "directs this court to dismiss *pro se* complaints *with* prejudice, or without otherwise granting leave to amend," when it can "'rule out any possibility, however unlikely it might be,' that 'an amendment will result in a claim being successfully pleaded.'"  *Id*. (citing *Gomez*, 171 F.3d at 796).

## II.    <u>BACKGROUND</u>

The following allegations are taken from the Amended Complaint, *see* ECF No. 19, and accepted as true and liberally construed to assert the strongest plausible claims, *see McLeod*, 864 F.3d at 156.

On October 20, 2023, Plaintiff discovered "false statements" by Defendant in his "medical records."  ECF No. 19, at 2–3.  These included "fabricated sexual assault charges," "allegations of adultery," and "other sexual misconduct."  *Id*. at 3.  After Plaintiff filed grievances against her, Defendant relayed "rumor[s]" to certain "nurses," who then "spread" them around his DOC facility.  *Id*.  Plaintiff experienced "damages to his reputation," "financial loss," and even "several assaults" because of such rumors.  *Id*.

Based on these allegations,[2] Plaintiff claims that Defendant subjected him to government defamation, thereby depriving him of his Fourteenth Amendment rights and violating Section 1983.  *Id*. at 1–2; *see also* ECF No. 18, at 9 (liberally construing Plaintiff's

---

[2] The United States Court of Appeals for the Second Circuit "has long held that an amended complaint completely replaces the original complaint."  *Jordan v. Chiaroo*, No. 3:24-CV-204 (VAB), 2024 WL 3925375, at *3 (D. Conn. Aug. 23, 2024) (citing *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)).  Accordingly, the court does consider the allegations from the initial Complaint, even though it contains more detail than the Amended Complaint.  *See, e.g., Dinh v. Doe*, No. 3:24-CV-1042 (OAW), 2024 WL 3343006, at *3 (D. Conn. July 9, 2024).

defamation claim as a "government defamation" claim under the "stigma plus" doctrine); *McLeod*, 864 F.3d at 156 (recognizing that courts must construe *pro se* complaints to "raise the strongest arguments they suggest").  He also claims that Defendant subjected him to libel and emotional distress.  ECF No. 19, at 1.

### III.    <u>DICUSSION</u>

Plaintiff brings his government defamation claim under Section 1983.  *Id*.  "The common elements to all [Section] 1983 claims" are **(i)** "'the conduct complained of must have been committed by a person acting under color of state law,'" and **(ii)** "'the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'"  *Lee v. City of Troy*, 520 F. Supp. 3d 191, 205 (N.D.N.Y. 2021) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

Plaintiff's other claims arise under state law.  *See Gorawara v. Caprio*, No. 3:19-CV-756 (MPS), 2020 WL 5097488, at \*5 (D. Conn. Aug. 28, 2020) (recognizing that "'there is no federal cause of action for defamation, slander, or libel, because one's reputation is not a right, privilege or immunity protected by the Constitution or laws of the United States'") (quoting *Clark v. Doe*, No. 15-CV-9836, 2017 WL 5508456, at \*3 (S.D.N.Y. Feb. 10, 2017)); *Manson v. Narus*, No. CIV A 3:08-CV-1 (JCH), 2008 WL 4911152, at \*4 (D. Conn. Nov. 11, 2008) (acknowledging that "claims for intentional infliction of emotional distress are ordinarily brought under state law") (citing *Jenkins v. City of New York*, 478 F.3d 76, 81 (2d Cir. 2007); *Britt v. Garcia*, 457 F.3d 264 (2d Cir.2006)).  Under 28 U.S.C. § 1367 (hereinafter, "Section 1367"), a federal district court may exercise "supplemental jurisdiction" over state law claims "that are so related" to a plaintiff's federal claim "that

they form part of the same case or controversy."  28 U.S.C. § 1367(a).  However, "[w]here all federal claims have been dismissed before trial," any supplemental state law claims "should be dismissed without prejudice and left for resolution by the state courts." *Petaway v. City of New Haven Police Dep't,* 541 F. Supp. 2d 504, 515 (D. Conn. 2008) (recognizing that supplemental jurisdiction "is a matter of discretion, not of right") (citing 28 U.S.C. § 1367(c)(3); *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases)).

### A.  <u>Government Defamation</u>

As discussed in the initial review order, *see* ECF No. 18, at 10–12, Plaintiff must satisfy the "stigma-plus" doctrine to state a Section 1983 claim for government defamation, *see Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004).  Doing so requires plausible allegations of **(i)** "the utterance of a statement 'sufficiently derogatory to injure his . . . reputation, that is capable of being proved false, and that he . . . claims is false,'" and **(ii)** "a material state-imposed burden or state-imposed alteration of . . . [his] status or rights."  *Id*. (quoting *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d Cir. 2001), *rev'd on other grounds sub nom*. *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 6–7 (2003)).  "The state-imposed burden or alteration of status must be '*in addition to* the stigmatizing statement.'"  *Id*. (emphasis in original).

Plaintiff again alleges that Defendant included "false statements" of "sexual misconduct" in his medical records, "rumor[s]" about which she relayed to certain nurses.  ECF No. 19, at 2–3.  "This allegation satisfies the first element" of the "stigma-plus" doctrine.  ECF No. 18, at 10 (citing *Sadallah*, 383 F.3d at 38); *see also Patterson v. City*

*of Utica*, 370 F.3d 322, 330 (2d Cir. 2004) (finding that "a plaintiff generally is required only to raise the falsity of these stigmatizing statements as an issue, not prove they are false").

Nevertheless, the Amended Complaint does not satisfy the second element: its allegations of "financial loss" and "assaults" resulting from Defendant's fabrications, *see* ECF No. 19, at 2–3, are merely the "deleterious effect[s]" of Plaintiff's "sullied reputation," *see Valmonte v. Bane*, 18 F.3d 992, 1001 (2d Cir. 1994), and not "'state-imposed burden[s]'" or "'state-imposed alteration[s]'" of his rights, *see* ECF No. 18, at 10 (quoting *Sadallah*, 383 F.3d at 38). The court previously explained, in the initial review order, why allegations of deleterious effects are insufficient to state a Section 1983 claim for government defamation. *Id.* (citing *Sadallah*, 383 F.3d at 38) (finding that the "burdens" that satisfy the "stigma-plus" doctrine include "the deprivation of . . . property," "the termination of . . . government employment," and "direct interference with a plaintiff's business"); *Balentine v. Tremblay*, 554 F. App'x 58, 60–61 (2d Cir. 2014) (summary order) (finding that "reputational damage resulting in the loss of private employment, humiliation, and embarrassment are inadequate to satisfy the 'plus' requirement")).

Because Plaintiff again has failed to satisfy the "stigma-plus" doctrine, the court again **DISMISSES** the Section 1983 claim, *see* ECF No. 18, at 9–12; and because the court does not believe that Plaintiff has any "new material . . . to remedy the substantive defects" discussed herein, based on the similarities between his Complaint and Amended Complaint, such dismissal is with prejudice, *see Barnes v. United States*, 204 F. App'x 918, 919 (2d Cir. 2006) (recognizing that a *pro se* action "should not be dismissed without granting leave to replead at least once when such a reading 'gives any indication that a

6

valid claim might be stated'") (quoting *Gomez*, 171 F.3d at 795); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (acknowledging that "leave to amend a complaint may be denied when amendment would be futile"); *Edelman v. United States Gov't*, No. 18-CV-2143(JS)(SIL), 2022 WL 2390987, at *14 (E.D.N.Y. July 1, 2022) (dismissing a claim with prejudice, albeit after two chances to amend, for "largely re-fil[ing]" the same claims and allegations).

### B. <u>State Law Claims</u>

Having dismissed Plaintiff's only federal claim, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims under Section 1367, and dismisses them without prejudice but without further leave to amend in this District. *See* 28 U.S.C. § 1367(c)(3).

### IV.    <u>CONCLUSION</u>

For all the foregoing reasons, the Amended Complaint hereby is **<u>DISMISSED</u>** without further leave to amend.

**IT IS SO ORDERED** at Hartford, Connecticut, on this 29th day of June, 2026.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE
